UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE NIXON LOPEZ CALVA, Petitioner, v. CHRISTOPHER LAROSE, et al., Respondents. | Case No.: 26-CV-4677 JLS (VET) **ORDER DENYING IN PART AND GRANTING IN PART PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS** (ECF No. 1) |

Presently before the Court is Jose Nixon Lopez Calva's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Pet.," ECF No. 1). Also before the Court are Respondents' Response to Petition ("Ret.," ECF No. 4) and Petitioner's Traverse ("Traverse," ECF No. 5). For the following reasons, the Court **DENIES IN PART** and **GRANTS IN PART** the Petition.

**BACKGROUND**

Petitioner has resided in the United States since 2001. Pet. at 6. He married his wife—a lawful permanent resident—in 2017 and is the beneficiary of a pending I-130 Petition for Alien Relative filed on his behalf. *Id.* Petitioner applied for asylum, but his application was denied in July 2021. *Id.* He timely appealed this denial, but the appeal remains pending in front of the Board of Immigration Appeals ("BIA"). *Id.* Petitioner alleges that he has been detained since July 14, 2026, when he was arrested—without a

warrant—while waiting to start work. *Id.* at 6–7. Petitioner was scheduled to appear for a bond hearing on August 24, 2026. Ret. at 2. At the hearing, however, Petitioner's counsel withdrew his request for the hearing to allow more time to gather evidence. *Id.* Respondents claim, and Petitioner does not contest, that Petitioner has yet to request a new bond hearing. Ret. at 2; *see generally* Traverse. Nonetheless, Petitioner argues that his warrantless arrest and continued detention violate, among other things, the Fifth Amendment's Due Process Clause. *See generally* Pet.

## LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention—federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 138 S. Ct. 830 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

## DISCUSSION

Both parties agree that Petitioner's detention is governed by 8 U.S.C. § 1226(a). *See generally* Pet.; Ret. However, the Parties disagree as to whether a bond hearing or release is warranted in this case. *See id.* Petitioner argues that he developed a liberty interest after the government knowingly permitted him to remain in the United States. Pet. at 14. This interest was then deprived when the government arrested Petitioner without a warrant. *Id.* And because a bond hearing cannot "cure an arrest and detention that were unlawful when effectuated," Petitioner argues that release is required. *Id.* at 13. Respondents do not

oppose a bond hearing but argue that the Petition is moot because Petitioner has not requested another hearing. Ret. at 2–3. Respondents do not address the apparent lack of a warrant in detaining Petitioner. *See generally id.*

The Court finds that release is not the appropriate remedy in this case. Section 1226(a) states that, "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." In general, "when arrests are made without a warrant, a custody determination must ordinarily be made within 48 hours, accompanied by a notice to appear, and in the case of continued custody a warrant will be issued post hoc." *Lopez-Perez v. Johnson*, No. 1:26-CV-03083 JLT SAB (HC), 2026 WL 1506818, at *2 (E.D. Cal. May 29, 2026) (quoting *Garcia De Melo v. Stamper*, No. 1:26-CV-00152-JAW, 2026 WL 925672, at *5 (D. Me. Apr. 6, 2026)). Therefore, as with the Eastern District in *Lopez-Perez* and the District of Maine in *Garcia De Melo*, the Court concludes that Respondents' forty-eight-hour clock to conduct an initial custody determination starts running with the issuance of this Order. As the court in *Garcia Del Melo* explained, to hold otherwise would "place Respondents in the untenable position in future cases presenting similar circumstances, in which Respondents must decide whether to deliberately violate controlling agency precedent in anticipation of a possible objection a detainee may or may not raise in a future habeas petition not yet before this Court, and then further guess how this Court might rule."[1] *Garcia De Melo*, 2026 WL 925672, at *5.

The Court finds that Petitioner is owed a bond hearing under § 1226(a). Petitioner had a hearing scheduled for August 24, 2026, but withdrew the request to collect further

---

[1] In *Rodriguez Vasquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026), the Ninth Circuit held that noncitizens who are apprehended in the interior of the United States are subject to § 1226 rather than § 1225(b)(2).. But *Rodriguez Vasquez* was not decided until July 30, 2026, while here, Petitioner was arrested on July 14, 2026. Pet. at 6. So at the time of Petitioner's arrest, Respondents were still bound by the same "agency precedent" discussed in *Garcia De Melo*, 2026 WL 925672, at *5. It remains to be seen how *Rodriguez Vasquez* will change the analysis for individuals arrested after July 30, 2026. The Court, however, declines to opine on that today.

evidence. Ret. at 2. As Petitioner has not yet requested a subsequent bond hearing, the Court denies the Petition as moot. If Petitioner's request for a bond hearing is denied, or if Petitioner takes issue with the substance of that bond hearing, he is free to file another petition.

## CONCLUSION

Based on the foregoing, the Court **DENIES** the Petition insofar as it requests release and **DENIES AS MOOT** the Petition insofar as it requests a bond hearing. Petitioner is free to refile the Petition if a later request for a bond hearing under § 1226(a) is denied. The Court **GRANTS** the Petition insofar as it requests compliance with § 1226(a)'s warrant requirement.

The Court **ORDERS** that **within 48 hours of this Order**, Respondents **SHALL CONDUCT** an initial custody determination pursuant to 8 U.S.C. § 1226(a), at which point they may (1) release Petitioner or (2) continue his detention if deemed appropriate. If Petitioner is not released, and no arrest warrant has been issued, Respondents **SHALL SEEK** an arrest warrant immediately. If the warrant is not granted, Respondents **SHALL RELEASE** Petitioner immediately. The Parties **SHALL FILE** a joint status report informing the Court of the outcome of the custody determination on or before September 9, 2026. If a warrant is issued, the Parties **SHALL FILE** the warrant with the status report. The Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: September 3, 2026

Janis L. Sammartino

Hon. Janis L. Sammartino
United States District Judge